IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS

Case No. 6:23-cv-00079

PREPARED FOOD PHOTOS, INC. f/k/a
ADLIFE MARKETING &
COMMUNICATIONS CO., INC.,

     Plaintiff,

v.

BROOKSHIRE GROCERY COMPANY and
MERCATUS USA INC.,

     Defendants.

## COMPLAINT

Plaintiff Prepared Food Photos, Inc. f/k/a Adlife Marketing & Communications Co., Inc. ("Plaintiff") sues defendants Brookshire Grocery Company ("Brookshire") and Mercatus USA Inc. ("Mercatus") (collectively, the "Defendants"), and alleges as follows:

### THE PARTIES

1. Plaintiff is a corporation organized and existing under the laws of the State of Florida with its principal place of business located in Broward County, Florida.

2. Brookshire is a corporation organized and existing under the laws of the State of Texas with its principal place of business located at 1600 W. Southwest Loop 323, Tyler, TX 75701. Brookshire's agent for service of process is Rosemary Jones at 1600 W. Southwest Loop 323 Tyler, TX, 75701.

3. Mercatus is a corporation organized and existing under the laws of the State of Delaware with its principal place of business located at 6000 Fairview Rd., Suite 1200, Charlotte, NC 28210. Mercatus' agent for service of process is Corporation Service Company, 251 Little

Falls Drive Wilmington, DE 19808.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

5. This Court has personal jurisdiction over Brookshire because it maintained sufficient minimum contacts with Texas such that the exercise of personal jurisdiction over it would not offend traditional notions of fair play and substantial justice. This Court has personal jurisdiction over Mercatus pursuant to Tex. Civ. Prac. & Rem. Code § 17.042(2) because Mercatus transacts business within this state and committed a tortious act (copyright infringement) within the state. Further, the exercise of personal jurisdiction over Mercatus would not offend traditional notions of fair play and substantial justice.

6. Venue properly lies in this district pursuant to 28 U.S.C. § 1400(a) because Defendant or its agents reside or may be found in this district. "It is well established that, for purposes of Section 1400(a), a defendant 'may be found' in any district in which it is subject to personal jurisdiction." Isbell v. DM Records, Inc., No. 3:02-CV-1408-G, 2004 U.S. Dist. LEXIS 10394, at *41 (N.D. Tex. June 4, 2004) ("Because the court has determined that it has personal jurisdiction over DM, DM 'may be found' in this district and venue is therefore proper.").

## FACTS

**I.     Plaintiff's Business**

7. Plaintiff is in the business of licensing high-end, professional photographs for the food industry.

8. Through its commercial website (www.preparedfoodphotos.com), Plaintiff offers a monthly subscription service which provides access to/license of tens of thousands of

professional images.

9. Plaintiff charges its clients (generally, grocery stores, restaurant chains, food service companies, etc.) a minimum monthly fee of $999.00 for access to its library of professional photographs.

10. Plaintiff does not license individual photographs or otherwise make individual photographs available for purchase. Plaintiff's business model relies on its recurring monthly subscription service such that Plaintiff can continue to maintain its impressive portfolio.

11. Plaintiff owns each of the photographs available for license on its website and serves as the licensing agent with respect to licensing such photographs for limited use by Plaintiff's customers. To that end, Plaintiff's standard terms include a limited, non-transferable license for use of any photograph by the customer only. Plaintiff's license terms make clear that all copyright ownership remains with Plaintiff and that its customers are not permitted to transfer, assign, or sub-license any of Plaintiff's photographs to another person/entity.

II. **The Work at Issue in this Lawsuit**

12. In 1999, a professional photographer created a photograph titled "CornedBeefDinner014" (the "<u>Work</u>"). A copy of the Work is exhibited below:



13. The Work was registered by Plaintiff (pursuant to a work-for-hire agreement with the author that transferred all rights and title in the photograph to Plaintiff) with the Register of Copyrights on August 5, 2016 and was assigned Registration No. VA 2-012-581. A true and correct copy of the Certification of Registration pertaining to the Work is attached hereto as **Exhibit "A."**

14. Plaintiff is the owner of the Work and has remained the owner at all times material hereto.

### III. Defendants' Unlawful Activities

15. Brookshire is a Texas-based supermarket chain operating more than 180 stores in Texas, Louisiana, Arkansas, and Oklahoma under its five brands: Brookshire's, Super 1 Foods, Fresh by Brookshire's, Spring Market, and Reasor's.

16. Brookshire advertises/markets its business primarily through its website (https://www.brookshires.com/), social media (e.g., https://www.facebook.com/Brookshires/ and https://www.instagram.com/brookshires/), and other forms of advertising.

17. Mercatus is a software development company that creates websites and mobile apps for grocery retailers.

18. Mercatus advertises/markets its business primarily through its website (https://www.mercatus.com/), social media (e.g., https://www.linkedin.com/company/mercatus-technologies-inc-/ and https://twitter.com/MercatusTech), and other forms of advertising.

19. On a date after Plaintiff's above-referenced copyright registration of the Work, Defendants published the Work on Brookshire's website (at https://www.brookshires.com/recipes/kilkenny-corned-beef/3404):

[Screenshot of Brookshire's website displaying the "Kilkenny Corned Beef" recipe page, including an image of corned beef with cabbage and carrots, preparation details (PREP 15 mins, COOK 3 hrs, READY IN 3 hrs 15 mins), and ingredients: 5 lb beef brisket, 1 tbsp. pickling spices, 1/2 cup(s) Brown Sugar, 1/3 cup(s) Mustard, (8 oz.) Sour Cream, 2 tbsp. Horseradish. Courtesy of The Beef Checkoff.]

20.     A true and correct copy of screenshots of Brookshire's website, displaying the copyrighted Work, is attached hereto as **Exhibit "B."**

21.     Defendants are not and have never been licensed to use or display the Work. Defendants never contacted Plaintiff to seek permission to use the Work in connection with Brookshire's website or for any other purpose – even though the Work that was copied is clearly professional stock photography that would put Defendants on notice that the Work was not intended for public use.

22.     Defendants utilized the Work for commercial use – namely, in connection with the marketing of Brookshire's business.

23.     Upon information and belief, Brookshire retained Mercatus to publish on its website during all times material to the allegations of this lawsuit. Mercatus designed the sub-page containing the infringement, Brookshire approved it, and the recipe was ultimately published by Defendants in digital form.

24. Through its ongoing diligent efforts to identify unauthorized use of its photographs, Plaintiff first discovered Defendants' unauthorized use/display of the Work in January 2022. Following Plaintiff's discovery, Plaintiff notified Defendants in writing of such unauthorized use. To date, Plaintiff has been unable to negotiate a reasonable license for the past infringement of the Work.

25. All conditions precedent to this action have been performed or have been waived.

### COUNT I – COPYRIGHT INFRINGEMENT
**(Brookshire)**

26. Plaintiff re-alleges and incorporates paragraphs 1 through 25 as set forth above.

27. The Work is an original work of authorship, embodying copyrightable subject matter, that is subject to the full protection of the United States copyright laws (17 U.S.C. § 101 *et seq.*).

28. Plaintiff owns a valid copyright in the Work, having registered the Work with the Register of Copyrights and owning sufficient rights, title, and interest to such copyright to afford Plaintiff standing to bring this lawsuit and assert the claim(s) herein.

29. As a result of Plaintiff's reproduction, distribution, and public display of the Work, Brookshire had access to the Work prior to its own reproduction, distribution, and public display of the Work on its website.

30. Brookshire reproduced, distributed, and publicly displayed the Work without authorization from Plaintiff.

31. By its actions, Brookshire infringed and violated Plaintiff's exclusive rights in violation of the Copyright Act, 17 U.S.C. § 501, by reproducing, distributing, and publicly displaying the Work for its own commercial purposes.

32. Alternatively, to the extent Brookshire did not directly infringe Plaintiff's rights in

the Work, Brookshire is liable for vicarious infringement.

33. Brookshire's infringement was willful as it acted with actual knowledge or reckless disregard for whether its conduct infringed upon Plaintiff's copyright. Notably, Brookshire itself utilizes a copyright disclaimer on its website ("Copyright © 2022 Brookshire's Food & Pharmacy V3.133.0-3, ALL RIGHTS RESERVED"), indicating that Brookshire understands the importance of copyright protection and intellectual property rights. Brookshire clearly understands that high-end food photography is not generally available for free or that such can simply be copied from the internet.

34. Plaintiff has been damaged as a direct and proximate result of Brookshire's infringement. See, e.g., Broad. Music, Inc. v. Evie's Tavern Ellention, Inc., No.8:11-cv-2056-T-17TBM, 2011 U.S. Dist. LEXIS 137720, at *5-8 (M.D. Fla. Nov. 30, 2011) ("Because Defendants, Evie's and Evanoff, benefited from the performances and admitted they owned, controlled, managed, and operated Evie's, they are vicariously liable for the infringement.").

35. Plaintiff is entitled to recover its actual damages resulting from Brookshires's unauthorized use of the Work and, at Plaintiff's election (pursuant to 17 U.S.C. § 504(b)), Plaintiff is entitled to recover damages based on a disgorgement of Brookshire's profits from infringement of the Work, which amounts shall be proven at trial.

36. Alternatively, and at Plaintiff's election, Plaintiff is entitled to statutory damages pursuant to 17 U.S.C. § 504(c), in such amount as deemed proper by the Court.

37. Pursuant to 17 U.S.C. § 505, Plaintiff is further entitled to recover its costs and attorneys' fees as a result of Brookshire's conduct.

38. Brookshire's conduct has caused and any continued infringing conduct will continue to cause irreparable injury to Plaintiff unless enjoined by the Court. Plaintiff has no

adequate remedy at law. Pursuant to 17 U.S.C. § 502, Plaintiff is entitled to a permanent injunction prohibiting infringement of Plaintiff's exclusive rights under copyright law.

**WHEREFORE**, Plaintiff demands judgment against Brookshire as follows:

a. A declaration that Brookshire has infringed Plaintiff's copyrights in the Work;

b. A declaration that such infringement is willful;

c. An award of actual damages and disgorgement of profits as the Court deems proper or, at Plaintiff's election, an award of statutory damages for willful infringement up to $150,000.00 for each infringement of the Work;

d. Awarding Plaintiff its costs and reasonable attorneys' fees pursuant to 17 U.S.C. § 505;

e. Awarding Plaintiff interest, including prejudgment interest, on the foregoing amounts;

f. Permanently enjoining Brookshire, its employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries and assigns, and all those in active concert and participation with Brookshire, from directly or indirectly infringing Plaintiff's copyrights or continuing to display, transfer, advertise, reproduce, or otherwise market any works derived or copied from the Work or to participate or assist in any such activity; and

g. For such other relief as the Court deems just and proper.

### COUNT II – COPYRIGHT INFRINGEMENT
### (Mercatus)

39. Plaintiff re-alleges and incorporates paragraphs 1 through 25 as set forth above.

40. The Work is an original work of authorship, embodying copyrightable subject matter, that is subject to the full protection of the United States copyright laws (17 U.S.C. § 101 *et seq.*).

41. Plaintiff owns a valid copyright in the Work, having registered the Work with the Register of Copyrights and owning sufficient rights, title, and interest to such copyright to afford

Plaintiff standing to bring this lawsuit and assert the claim(s) herein.

42. As a result of Plaintiff's reproduction, distribution, and public display of the Work, Mercatus had access to the Work prior to its own reproduction, distribution, and public display of the Work on Brookshire's commercial website.

43. Mercatus reproduced, distributed, and publicly displayed the Work without authorization from Plaintiff.

44. By its actions, Mercatus directly infringed and violated Plaintiff's exclusive rights in violation of the Copyright Act, 17 U.S.C. § 501, by reproducing, distributing, and publicly displaying the Work for its own commercial purposes and for the commercial purposes of Brookshire.

45. Alternatively, to the extent Mercatus did not directly infringe Plaintiff's rights in the Work, Mercatus is liable for contributory infringement.

46. As the creator of the website in question and the entity which partnered with Brookshire's to advertise Brookshire's thereon, Mercatus has the ability to influence and control the infringing acts of its clients.

47. Thus, assuming Mercatus did not directly infringe, Mercatus caused or materially contributed to Brookshire's infringing activity. Mercatus encouraged Brookshire to utilize copyrighted imagery on Brookshire's website, all while knowing the material was copyright protected.

48. Mercatus' infringement was willful as it acted with actual knowledge or reckless disregard for whether its conduct infringed upon Plaintiff's copyright. Notably, Mercatus itself utilizes a copyright disclaimer on its website ("Copyright © 2022 MERCATUS TECHNOLOGIES INC. ALL RIGHTS RESERVED"), indicating that Mercatus understands the

importance of copyright protection and intellectual property rights. Mercatus clearly understands that high-end food photography such as the Work is not generally available for free or that such can simply be copied from the internet.

49. Plaintiff has been damaged as a direct and proximate result of Mercatus' infringement.

50. Plaintiff is entitled to recover its actual damages resulting from Mercatus' unauthorized use of the Work and, at Plaintiff's election (pursuant to 17 U.S.C. § 504(b)), Plaintiff is entitled to recover damages based on a disgorgement of Mercatus' profits from infringement of the Work, which amounts shall be proven at trial.

51. Alternatively, and at Plaintiff's election, Plaintiff is entitled to statutory damages pursuant to 17 U.S.C. § 504(c), in such amount as deemed proper by the Court.

52. Pursuant to 17 U.S.C. § 505, Plaintiff is further entitled to recover its costs and attorneys' fees as a result of Mercatus' conduct.

53. Mercatus' conduct has caused, and any continued infringing conduct will continue to cause, irreparable injury to Plaintiff unless enjoined by the Court.  Plaintiff has no adequate remedy at law.  Pursuant to 17 U.S.C. § 502, Plaintiff is entitled to a permanent injunction prohibiting infringement of Plaintiff's exclusive rights under copyright law.

**WHEREFORE**, Plaintiff demands judgment against Mercatus as follows:

a. A declaration that Mercatus has infringed Plaintiff's copyrights in the Work;

b. A declaration that such infringement is willful;

c. An award of actual damages and disgorgement of profits as the Court deems proper or, at Plaintiff's election, an award of statutory damages for willful infringement up to $150,000.00 for each infringement of the Work;

d. Awarding Plaintiff its costs and reasonable attorneys' fees pursuant to 17 U.S.C. § 505;

e. Awarding Plaintiff interest, including prejudgment interest, on the foregoing amounts;

f. Permanently enjoining Mercatus, its employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries and assigns, and all those in active concert and participation with Mercatus, from directly or indirectly infringing Plaintiff's copyrights or continuing to display, transfer, advertise, reproduce, or otherwise market any works derived or copied from the Work or to participate or assist in any such activity; and

g. For such other relief as the Court deems just and proper.

## Demand For Jury Trial

Plaintiff demands a trial by jury on all issued so triable.

Dated: February 10, 2023.

COPYCAT LEGAL PLLC
3111 N. University Drive
Suite 301
Coral Springs, FL 33065
Telephone: (877) 437-6228
dan@copycatlegal.com

By: /s/ Daniel DeSouza_____
      Daniel DeSouza, Esq.